IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:25-CV-508-BO-RN

| | | |
|---|---|---|
| JON ANTHONY SEPPANEN,<br><br>Plaintiff,<br><br>v.<br><br>FAYETTEVILLE DODGE, et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | <u>ORDER</u> |

This matter comes before the Court on defendants' motions to dismiss for failure to state a claim. [DE 9]; [DE 14]. Plaintiff has not responded and the time for doing so has elapsed. In this posture, the motions are ripe for disposition. For the following reasons, the motions are granted.

## BACKGROUND

This action was removed from Cumberland Superior Court. [DE 1]. Plaintiff Seppanen, proceeding pro se, alleges the following facts in his complaint. [DE 1-1].

1 Plaintiff lawfully purchased a vehicle from Fayetteville Dodge.
2 The agreement was endorsed as follows:
"Pay to the order of JON SEPPANEN, without recourse."
2 This constitutes lawful tender and discharge under UCC § 3-603 and 12 USC § 411.
4 Defendants ignored the discharge and repossessed the vehicle.
5 Plaintiff has suffered damages including loss of transportation, distress, and financial loss.

[DE 1-1, p. 7]. As relief, plaintiff requests an injunction requiring return of the vehicle, a declaration that his obligation to pay for it is lawfully discharged, two million dollars in damages "for harm and violations" as well as ten thousand dollars per day for loss of the vehicle's use, and court costs. *Id.*

While a court's evaluation of a complaint on the defendant's motion to dismiss is "generally limited to a review of the allegations of the complaint itself[,]" courts may "also consider documents that are explicitly incorporated into the complaint by reference . . . and those attached to the complaint as exhibits[.]" *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165–66 (4th Cir. 2016). A court may also "consider a document submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity." *Id.* Plaintiff attached his retail installment sale contract and other documents to the complaint, and the Court may consider them.

Under the contract, plaintiff agreed to 72 monthly payments of $988.93. [DE 1-1, p. 18]. He also granted defendant Fayetteville Dodge, and any subsequent holder or assignee, a security interest in the vehicle. *Id.* The contract expressly authorized the holder of the contract to seize the vehicle if plaintiff defaulted. *Id.* at 20. Plaintiff believes his "without recourse" notation by his signature on the contract discharged his obligation to pay for the vehicle. *See id.* at p. 32.

Other courts have seen similar frivolous debt-avoidance schemes. In *Vigil v. JP Morgan Chase Bank, N.A.*, "the underlying premise of the complaint [was] that plaintiff's note to defendant constituted legal tender that discharged the debt on his car loan, and that defendant violated the law by not accepting the note and discharging the loan." No. 2:25-CV-0629 DAD AC PS, 2025 WL 986030, at *3 (E.D. Cal. Apr. 2, 2025), *report and recommendation adopted,* No. 2:25-CV-00629-DAD-AC (PS), 2025 WL 1262324 (E.D. Cal. May 1, 2025). The *Vigil* court summarily dismissed the plaintiff's claims as frivolous.

Plaintiff purports to assert the following claims: (1) "discharge by tender" under the Uniform Commercial Code § 3-603, (2) violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C.G.S. § 75-1.1, (3) "wrongful collection" under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, and (4) "failure to honor loan discharge" under the Truth in Lending Act, 15 U.S.C. § 1601.

## DISCUSSION

At the outset, the Court considers plaintiff's motions for an extension of time to respond to defendants' motions to dismiss. [DE 20]; [DE 22]. Each defendant responded in opposition [DE 21]; [DE 24], arguing that the motions should be denied, as plaintiff requested the time extensions two weeks after his deadlines to respond had elapsed. Furthermore, Local Civil Rule 6.1(a) states,

> Each motion for an extension of time to perform an act required or allowed to be done within a specified time must show good cause. The motion must also show that the movant has in good faith conferred or attempted to confer with all parties and nonparties whose interests are directly affected by the motion . . . . The motion must identify the views of each party or nonparty consulted, as well as the efforts to consult with any parties or nonparties who did not respond. The motion must be accompanied by a separate proposed order granting the motion.

Local Civil Rule 6.1(a). There is no indication plaintiff conferred with defendants in seeking the time extension, he did not include a proposed order, and he did not provide the Court with any information by which the Court might find he "failed to act because of excusable neglect" as required by Fed. R. Civ. P. 6(b)(1)(B). Accordingly, his motions for extension of time to respond [DE 20]; [DE 22] are denied.

A 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted tests the complaint's legal and factual sufficiency. *See* Fed. R. Civ. P. 12(b)(6). The focus is on the pleading requirements under the Federal Rules, not the proof needed to succeed on a claim. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (cleaned up). This standard does not require detailed factual allegations, *id.*, but it "demands more

than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Nadendla v. WakeMed*, 24 F.4th 299, 305 (4th Cir. 2022) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). For a claim to be plausible, its factual content must permit the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**I. UCC Claim**

Plaintiff fails to state a claim under section 3-603 of the Uniform Commercial Code (UCC). Article 3 of the UCC, codified at N.C. Gen. Stat. Ch. 25, Art. 3, "applies to negotiable instruments." N.C.G.S. § 25-3-102. A "negotiable instrument" is

> an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order, if all of the following apply:
> (1) The promise or order is payable to bearer or to order at the time it is issued or first comes into possession of a holder.
> (2) The promise or order is payable on demand or at a definite time.
> (3) The promise or order does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor, (iv) a term that specifies the law that governs the promise or order, or (v) an undertaking to resolve in a specified forum a dispute concerning the promise or order.

N.C.G.S. § 25-3-104. Because the retail installment sale contract at issue is not "payable to the bearer" or "payable on demand or at a definite time," and because it contains promises other than to pay, it is not a negotiable instrument governed by Article 3 of the UCC.

**II. UDTPA Claim**

To state a claim under the North Carolina Unfair and Deceptive Trade Practices Act (UDTPA), "a plaintiff must allege the three standard elements of a UDTPA claim: '(1) an unfair

act (2) in or affecting commerce (3) proximately causing injury.'" *Glenn v. FNF Servicing, Inc.*, No. 5:12-CV-703-D, 2013 WL 4095524, at *3 (E.D.N.C. Aug. 13, 2013) (quoting *Davis Lake Cmty. Ass'n, Inc. v. Feldmann*, 138 N.C. App. 292, 296 (2000)). Plaintiff has alleged he purchased and received a car and that it was repossessed. The retail installment sale contract, however, specified that the vehicle could be repossessed if defendant defaulted. Plaintiff's addition of the words "without recourse" does not nullify this provision. He has alleged no unfair act, and fails to state a UDTPA claim.

**III. FDCPA Claim**

To prevail on a claim under the Fair Debt Collection Practices Act, a plaintiff must demonstrate three elements: "(1) the plaintiff has been the object of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined by the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA." *Palazzo v. Bayview Loan Servicing, LLC*, 206 WL 784984, 2026 U.S. App. LEXIS 8323, *10 (4th Cir. 2026). A claim under the FDCPA cannot be asserted against Chrysler Capital, as that defendant is not a debt collector. Nor has plaintiff alleged an act on behalf of the other defendant, Fayetteville Dodge, that violates the FDCPA—the contract specified that plaintiff's vehicle could be repossessed if he defaulted.

**IV. TILA Claim**

The purpose of the Truth in Lending Act (TILA) is "to assure a meaningful disclosure of credit terms so that the consumer will be able to compare more readily the various credit terms available to him and avoid the uninformed use of credit, and to protect the consumer against inaccurate and unfair credit billing and credit card practices." 15 U.S.C. § 1601(a). "It is the obligation to disclose, *not the duty of subsequent performance*, towards which the Act is directed." *Burgess v. Charlottesville Sav. & Loan Ass'n*, 477 F.2d 40, 45 (4th Cir. 1973) (emphasis in

original). Plaintiff has alleged no facts indicating defendants failed to disclose the meaningful terms of the contract he signed. He fails to state a claim under the Truth in Lending Act.

In sum, plaintiff's "legal claims are frivolous and similar claims have been 'rejected by countless federal courts.'" *Vigil*, 2025 WL 986030, at *3 (citing *Caetano v. Internal Revenue Serv.*, No. 122CV00837JLTSAB, 2023 WL 3319158, at *4 (E.D. Cal. May 9, 2023)).

**V. Motion to Strike the "Amended Complaint" Contained in Plaintiff's Notice of Self-Representation**

Plaintiff filed a notice of self-representation. [DE 23]. His filing contains an excerpt titled "Amended Complaint" which consists of two short, numbered paragraphs asserting grounds for federal diversity jurisdiction and enumerating claims for "wrongful repossession, breach of peace under UCC §9-609, breach of contract, fraud, and unfair trade practices under N.C. Gen. Stat. §75-1.1." *Id.*

Under Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, a plaintiff may amend their pleading once as a matter of course within twenty-one days after the earlier of (1) service of a responsive pleading or (2) service of a motion under Rule 12(b), (e), or (f). After this time period has expired, amendments under Rule 15(a)(2) are allowed only with the opposing party's written consent or leave of court, which leave should be given freely "when justice so requires." *Nathan v. Takeda Pharms. N. Am., Inc.*, 707 F.3d 451, 461 (4th Cir. 2013). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986).

"Futility is apparent if the proposed amended complaint fails to state a claim under the applicable rules and accompanying standards[.]" *Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462,

471 (4th Cir. 2011). An amendment is therefore futile where the plaintiff fails to state a facially plausible claim, meaning that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678.

As plaintiff's "amended complaint" would be insufficient to state a facially plausible claim, amendment would be futile. Fayetteville Dodge's motion [DE 26] to strike this portion of the filing is therefore granted.

CONCLUSION

For the foregoing reasons, plaintiff's motions for an extension of time to file responses [DE 20]; [DE 22] are DENIED. Defendants' motions to dismiss [DE 9]; [DE 14] are GRANTED. Fayetteville Dodge's motion [DE 26] to strike plaintiff's amended complaint is GRANTED. Plaintiff's motion for a request for fiduciary identification and demand for equitable chancery administration [DE 31] is DENIED as MOOT. The Clerk is directed to enter judgment in favor of defendants and close the case.

SO ORDERED, this 18 day of August 2026.

Terrence Boyle

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE